# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| K.MIZRA LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. 1:25-cv-00236-ADA |
| GOOGLE LLC, | § § | |
| Defendant. | § § § § | **JURY TRIAL DEMANDED** |

# DEFENDANT GOOGLE LLC'S MOTION TO DISMISS UNDER
# FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 4

FACTUAL BACKGROUND .......................................................................................................... 5

LEGAL STANDARD ..................................................................................................................... 6

ARGUMENT .................................................................................................................................. 6

    I.    THE COMPLAINT FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT BECAUSE IT MIXES AND MATCHES DIFFERENT PRODUCTS .................................................................................................................. 6

    II.    PLAINTIFF FAILS TO ALLEGE THAT GOOGLE DIRECTLY INFRINGES THE ASSERTED CLAIMS BECAUSE THE ASSERTED CLAIMS REQUIRE THIRD-PARTY ACTORS AND HARDWARE OUTSIDE OF GOOGLE'S CONTROL ............................................................ 10

    III.    PLAINTIFF FAILS TO PLEAD ANY FACTS SUPPORTING A CAUSE OF ACTION FOR RECOVERY OF PAST DAMAGES .................................. 13

CONCLUSION ............................................................................................................................. 14

## TABLE OF AUTHORITIES

Page

**CASES**

*AK Meeting IP LLC v. Zoho Corp.*,
   2023 WL 1787303 (W.D. Tex. 2023), *report and recommendation adopted*,
   2023 WL 3035436 (W.D. Tex. 2023) ............................................................................... 3

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (en banc) ................................................................. 1, 8

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ..................................................................................... 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................ 3

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ......................................................................................... 3

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*,
   631 F.3d 1279 (Fed. Cir. 2011) ..................................................................................... 10

*CPC Pat. Techs. v. Apple Inc.*,
   2022 WL 118955 (W.D. Tex. 2022) (Albright, J.) .................................................... 2, 10

*CTD Networks, LLC v. Google, LLC*,
   688 F. Supp. 3d 490 (W.D. Tex. 2023) .............................................................. 3, 7, 10

*De La Vega v. Microsoft Corp.*,
   2020 WL 3528411 (W.D. Tex. 2020) (Albright, J.) ...................................................... 9

*Express Mobile, Inc., v. DreamHost LLC*,
   2019 WL 2514418 (D. Del. June 18, 2019) ................................................................. 10

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
   605 F. Supp. 3d 905 (W.D. Tex. 2022) (Albright, J.) ................................................... 5

*LifeNet Health v. LifeCell Corp.*,
  837 F.3d 1316 (Fed. Cir. 2016)..................................................................................3

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016)..................................................................................9

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
  2023 WL 2904583 (W.D. Tex. 2023) (Albright, J.) ..................................................6

*Synchronoss Techs. v. Dropbox, Inc.*,
  987 F.3d 1358 (Fed. Cir. 2021)................................................................................10

*Travel Sentry, Inc. v. Tropp*,
  877 F.3d 1370 (Fed. Cir. 2017)..................................................................................1

**STATUTES**

35 U.S.C. § 271............................................................................................................1, 7, 10

35 U.S.C. § 287..................................................................................................................1, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12....................................................................................................................1

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Google LLC ("Google") respectfully moves to dismiss Plaintiff K.Mizra LLC's ("K.Mizra" or "Plaintiff") complaint in its entirety for failure to state a claim upon which relief can be granted.

*First*, Plaintiff does not plead a claim for direct infringement. Plaintiff purports to "accuse" Google Chrome Enterprise Premium, but its complaint "mixes and matches" allegations relating to several other, different products. Plaintiff's attempt to cobble together a direct infringement claim fails as a matter of law because it does not actually accuse any particular product or system of direct infringement. Rather, Plaintiff offers scattered statements about a grab bag of various products, but does not state a claim against any one product, or against all of them as some alleged system, nor does it plead any allegations relating any two or more of those products. This falls well short of the notice pleading standard, and the direct infringement allegations should be dismissed.

*Second*, Plaintiff's allegations are directed at Google **and to third parties**, thus failing to meet the standard for direct infringement. In particular, the complaint's allegations require actions of third-party users and companies. As a matter of law, because Plaintiff's allegations do not invoke appropriate third-party infringement theories, Plaintiff fails to plead direct infringement by Google, who is the sole named defendant. *See, e.g., Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017) (reiterating the "single-actor rule" of 35 U.S.C. § 271(a)). And Plaintiff's complaint is devoid of any allegations regarding whether Google "directs or controls the acts of another." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc).

*Third*, Plaintiff fails to make any allegation that it complied with the patent marking statute, 35 U.S.C. § 287. "At the motion to dismiss stage, a claim for past damages *requires* pleading

compliance with the marking statute.'' *CPC Pat. Techs. v. Apple Inc.*, 2022 WL 118955, at *2 (W.D. Tex. 2022) (Albright, J.). But Plaintiff makes no effort to do so, and as such, all claims for past damages should be dismissed.

## FACTUAL BACKGROUND

On February 18, 2025, K.Mizra filed a complaint against Google alleging infringement of U.S. Patent Nos. 8,234,705 ("the '705 Patent") and 9,516,048 ("the '048 Patent") (collectively, "the Asserted Patents"). Dkt. 1.

The complaint asserts claim 19 of the '705 Patent and claim 17 of the '048 Patent. Plaintiff organizes these claims into eleven limitations each (including the preamble) labelled as A, B (including B1 and B2), C, D, E (including E1 and E2), and F. Dkt. 1 ¶¶47, 63. Plaintiff acknowledges that the claims are identical except for limitations E1 and E2. *Id.* ¶¶65-75. While the complaint stops short of calling claim 19 representative, the allegations focus on claim 19 and provide a separate analysis only for limitations E1 and E2 of claim 17. The Asserted Patents concern techniques for protecting a network. Claim 19, for example, recites a laundry list of limitations of a "computer program product for protecting a network" that is "embodied in a non-transitory computer readable medium." Dkt. 1-2 at 22:14-49. The limitations include "detecting an insecure condition;" "contacting a trusted computing base associated with a trusted platform module within the first host;" "quarantining the first host;" and "permitting the first host to communicate with the remediation host." *Id.*

Plaintiff attempts to allege infringement by tying each limitation of the asserted claims to an action allegedly performed by Google Chrome Enterprise Premium ("CEP") but fails to do so because Plaintiff's allegations mix and match actions performed by various Google products.

**LEGAL STANDARD**

A complaint must "provide the grounds of [] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In patent cases, the "level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Importantly, "pleading facts that are inconsistent with the requirements of its claims" will subject the claims to early dismissal. *Id.* at 1346.

**ARGUMENT**

**I.   THE COMPLAINT FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT BECAUSE IT MIXES AND MATCHES DIFFERENT PRODUCTS**

Direct infringement "requires that each and every limitation set forth in a claim appear ***in an accused product***."[1] *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016). "Infringement cannot be shown by a muddled hash of elements from different products." *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 499 (W.D. Tex. 2023) (cleaned up). Accordingly, a complaint is properly dismissed when it "mixes and matches features of three distinct products." *AK Meeting IP LLC v. Zoho Corp.*, 2023 WL 1787303, at *4 (W.D. Tex. 2023), *report and recommendation adopted*, 2023 WL 3035436 (W.D. Tex. 2023). That is precisely the case here.

Plaintiff alleges that CEP is the infringing product, Dkt. 1 ¶41, yet fails to provide factual allegations of how CEP practices every claim limitation. Instead, Plaintiff points to unrelated

---

[1]   All emphasis added unless otherwise indicated.

features from several different and discrete Google products—including Google Cloud, Chrome OS, and Google Workspace—for various claim limitations.

Even if Plaintiff's allegations were accepted as true, they could not support a conclusion that CEP alone practices all limitations of the asserted claims.[2] For instance, limitation B1 requires that "detecting the insecure condition includes contacting a trusted computing base associated with a trusted platform module within the first host." Dkt. 1-2 at 22:20-22. As shown in the image below, the complaint itself fails to identify anything in CEP that meets this limitation. Instead, the complaint relies solely on a blog post discussing a security capability of a different product, Google Cloud.



Dkt. 1 ¶50 (citing Dkt. 1-7); Dkt. 1 ¶¶65-67 ('048 Patent). On its face and in substance, this Google Cloud blog post expressly relates to Google Cloud, discussing "Google Cloud customers,"

---

[2] Plaintiff's allegations for limitations A through D, and F, of the '048 Patent, several of which are addressed in this section, incorporate by reference the allegations for the '705 Patent. Dkt. 1 ¶¶65-67, 75. Accordingly, the pleading insufficiencies for these limitations of the '705 Patent apply with equal force to these limitations of '048 Patent.

"access to cloud resources," "all of Google Cloud," and so forth while explaining that the "certificate-based access" feature has "general availability" in the Google Cloud management portfolio. Dkt. 1-7 at 2. Critically, this post does not discuss CEP. Nor does the complaint attempt to relate the content of this blog post to CEP. Dkt. 1 ¶50. Moreover, Plaintiff's allegation regarding limitation B1 is doubly deficient as a matter of law. First, as addressed, the allegation has no bearing or relation to the accused product. Second, even if it did, Plaintiff's attempt to tie CEP to "obtain[ing] information," from the first host is merely an allegation, which further does not explain how or even if CEP "contact[s] a trusted computing base." Dkt. 1 ¶50. Such allegations "without explanation [are] threadbare at best." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 917 (W.D. Tex. 2022) (granting motion to dismiss) (Albright, J.). The Supreme Court is unequivocal: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As another example, Plaintiff relies on an entirely different product in its allegations regarding limitation C, which requires that "the valid digitally signed attestation of cleanliness includes at least one of . . . [that] the first host is not infested, and . . . the presence of a patch or a patch level associated with a software component on the first host." Dkt. 1-2 at 22:25-31. Again, the complaint itself establishes Plaintiff's failure to state a claim because the complaint, as shown below, relies on a Google 2016 announcement discussing an API feature *in Chrome OS*—not the allegedly infringing CEP product. Dkt. 1-10 at 3.

> Google announced a new feature and administration serverside API for the Chrome OS called Verified Access. This API will cryptographically validate the identity of any Chrome OS device that has connected to an enterprise's network. Additionally, it will allow the enterprise to verify that any connected devices conform to the company's security policies.
>
> The new Google API uses digital certificates stored in the hardware-based Trusted Platform Modules (TPMs) that are found in every Chrome OS device. The TPM creates a way to ensure the correct security state of the devices has not been altered.

Dkt. 1 ¶52 (citing Dkt. 1-10). The cited announcement includes no discussion of CEP, and the complaint is entirely devoid of any allegations that even attempt to link this announcement to CEP. Dkt. 1 ¶52. Further, putting aside that the cited announcement does not concern the accused product, the cited materials merely discuss monitoring of device identity and compliance with security policies. *See* Dkt. 1-10. The announcement does not relate to any functionality that determines whether a device is "infested" as required by limitation C. Plaintiff's allegations "lack[] any explanation of the existence" of the claimed limitation, requiring dismissal. *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, 2023 WL 2904583, at *4 (W.D. Tex. 2023) (Albright, J.).

The same failure of relying on features of a non-accused and different product occurs in Plaintiff's allegations regarding limitation D, which requires, when no attestation of cleanliness is received, "quarantining the first host, including by preventing the first host from sending data to one or more other hosts associated with the protected network." Dkt. 1-2 at 22:32-36. Once more the complaint itself demonstrates that Plaintiff fails to state a claim because the complaint bases allegations on a Google post concerning yet another product—Google Workspace—and not the accused CEP.



Dkt. 1-11 (cited at Dkt. 1 ¶53); Dkt. 1 ¶¶65-67 ('048 patent).  This is clear from the statement declaring that the post is the "official feed from the Google Workspace team" presenting "new features and improvements for Google Workspace customers." Dkt. 1-11 at 2.  This post does not discuss CEP, and Plaintiff makes no attempt to link the content of the post to CEP.  Dkt. 1 ¶52.

In sum, Plaintiff's allegations are inconsistent, contradictory, and insufficient to meet the pleading standard for direct infringement.  Though the complaint identifies CEP as the allegedly accused product, the complaint then relies on allegations based on entirely different products to attempt to satisfy various claim limitations without any explanation of how those products relate to CEP.  This "muddled hash of elements from different products" fails as a matter of law to plead direct infringement.  *CTD*, 688 F. Supp. 3d at 499.

## II. PLAINTIFF FAILS TO ALLEGE THAT GOOGLE DIRECTLY INFRINGES THE ASSERTED CLAIMS BECAUSE THE ASSERTED CLAIMS REQUIRE THIRD-PARTY ACTORS AND HARDWARE OUTSIDE OF GOOGLE'S CONTROL

Plaintiff's sole infringement theory is direct infringement, which is generally limited to a single entity, either personally or vicariously.  *See* 35 U.S.C. § 271(a) ("***whoever*** without authority makes, uses, offers to sell, or sells any patented invention.").  Other parts of Section 271 provide different types of infringement—not pled here—that may involve additional actors, such as induced and contributory infringement.  35 U.S.C. § 271(b)-(c).  Yet, despite alleging only direct

infringement, Plaintiffs' allegations require third party actors and hardware without any allegations that Google controls those third parties. *Akamai*, 797 F.3d at 1022 (explaining when vicarious liability principles apply).

Plaintiff's direct infringement allegations are independently deficient as a matter of law because its asserted claims recite third-party actors—which the complaint readily concedes. According to Plaintiff, the claimed "first host" in limitations A, B1, E1, and E2 of the '705 Patent is an end "user." *See* Dkt. 1 ¶¶49, 50, 54, 55. The same is true for the "first host" in limitations A, B1, E1, and E2 of the '048 Patent. *See* Dkt. 1 ¶¶ 66-74. In other words, the first host is a third-party—not Google.

Moreover, limitation B1 requires that "detecting the insecure condition includes: contacting a ***trusted computing base associated with a trusted platform module*** within the ***first host***." Dkt. 1-2 at 22:40-43. Indeed, Plaintiff's own annotations to a blog post (again, not for CEP) shows the alleged trusted platform module hardware is provided by third-parties Microsoft, Apple, and Linux with their devices. These trusted platform modules are not provided by a Google platform nor CEP, and the complaint does not allege otherwise.



Dkt. 1 ¶50 (annotated by Plaintiff).

Plaintiff's direct infringement allegations thus fail for two related reasons.  *First*, Plaintiff's allegations for at least limitations A, B1, E1, and E2 of the asserted claims require performance by an end user and therefore fail to adequately allege direct infringement.  Moreover, the complaint is devoid of allegations regarding liability to Google due to the purported third-party infringing activity, which would be required to allege third party infringement regardless of which theory applied.  As the Federal Circuit instructs, "like claims of induced or contributory infringement, allegations of joint infringement ***require elements beyond*** those for the more typical act of direct infringement."  *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).  Those elements are missing here, and so Plaintiff's complaint fails as a matter of law to plead direct infringement.  Applying these settled principles, this Court has held that failure to allege a theory of joint liability

is "***fatal***" where the claims required multiple actors. *De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *7 (W.D. Tex. 2020) (Albright, J.).

*Second*, at least limitations A, B1, E1, and E2 of the asserted claims require third-party hardware (*i.e.*, the "first host") that Google does not make, sell, use, or import under Section 271(a). In such circumstances, the Federal Circuit explains that "[b]ecause [defendant] does not provide its customers with any hardware in conjunction with its accused software, [defendant] does not make, sell, or offer for sale the complete invention." *Synchronoss Techs. v. Dropbox, Inc.*, 987 F.3d 1358, 1368 (Fed. Cir. 2021); *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279, 1288 (Fed. Cir. 2011) (same). "Merely providing software for a customer to use ***does not constitute direct infringement*** of a patent that ***requires a combination of both software and hardware***." *CTD*, 688 F. Supp. 3d at 501. The same holds true here and requires dismissal of Plaintiff's complaint.

### III. PLAINTIFF FAILS TO PLEAD ANY FACTS SUPPORTING A CAUSE OF ACTION FOR RECOVERY OF PAST DAMAGES

Like its direct infringement allegations, Plaintiff fails to properly allege compliance with the patent marking statute, 35 U.S.C. § 287. Plaintiff "bears the burden of pleading and proving [it] complied with § 287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

Here, Plaintiff alleges that it has "licensed [the patents] to many major companies operating in the computer technology space." Dkt. 1 ¶6. Thus, Plaintiff's own allegations create a burden to plead that the "patentee's licensees [] also comply with § 287." *Arctic Cat*, 876 F.3d at 1366. Tellingly, Plaintiff provides no allegations that it or any of its licensees have ever complied with the requirements of Section 287. Consistent with this Court's guidance, Plaintiff's claim for past

-14-

damages should be dismissed because "[a]t the motion to dismiss stage, a claim for past damages requires pleading compliance with the marking statute." *CPC,* 2022 WL 118955, at *2; *see Express Mobile, Inc., v. DreamHost LLC*, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) (dismissing past damages claim due to failure to plead compliance with marking statute).

## CONCLUSION

Google respectfully requests that the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Dated: April 29, 2025

Respectfully submitted,

By: *Michael E. Jones with permission from Tharan Gregory Lanier*

| | |
|---|---|
| Daniele San Román *(pro hac pending)*<br>dsanroman@jonesday.com<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA 92121<br>Telephone: +1.858.314.1200<br>Facsimile: +1.844.345.3178<br><br>Sachin M. Patel *(pro hac pending)*<br>smpatel@jonesday.com<br>JONES DAY<br>110 North Wacker Drive, Suite 4800<br>Chicago, IL 60606<br>Telephone: +1.312.782.3939<br>Facsimile: +1.312.782.8585 | Tharan Gregory Lanier (Lead Counsel)<br>*(pro hac pending)*<br>tglanier@jonesday.com<br>Evan McLean *(pro hac pending)*<br>emclean@jonesday.com<br>JONES DAY<br>Silicon Valley Office<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: +1.650.739.3939<br>Facsimile: +1.650.739.3900<br><br>Michael A. Lavine *(pro hac pending)*<br>mlavine@jonesday.com<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: +1.415.626.3939<br>Facsimile: +1.415.875.5700<br><br>Michael E. Jones<br>TX State Bar No. 10929400<br>mikejones@potterminton.com<br>Shaun W. Hassett<br>TX State Bar No. 24074372<br>shaunhassett@potterminton.com<br>POTTER MINTON<br>102 N. College Ave., Suite 900<br>Tyler, TX 75702<br>Telephone: +1.903.597.8311<br>Facsimile: +1.903.593.0846<br><br>*Counsel for Defendant Google LLC* |