IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **K.MIZRA LLC,** | § | |
| | § | |
| Plaintiff**,** | § | |
| | § | |
| v. | § | Civil Case No. 1:25-cv-00236-ADA |
| | § | |
| **GOOGLE LLC,** | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

I.    THE COMPLAINT FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT BECAUSE IT MIXES AND MATCHES DIFFERENT PRODUCTS.................................................................................................................. 2

    A.    Plaintiff's Allegations for Limitation B1 Go Beyond the Pleadings ..................... 3

    B.    Plaintiff's New Exhibits for Limitation C Amplify the Complaint's Deficiencies............................................................................................................ 4

    C.    Plaintiff's Use of New Exhibits for Limitation D Again Underscores the Complaint's Deficiencies ...................................................................................... 5

II.    PLAINTIFF FAILS TO ALLEGE THAT GOOGLE DIRECTLY INFRINGES THE ASSERTED CLAIMS BECAUSE THE ASSERTED CLAIMS REQUIRE THIRD-PARTY ACTORS AND HARDWARE OUTSIDE OF GOOGLE'S CONTROL................................................................................................................... 6

III.    PLAINTIFF FAILS TO PLEAD ANY FACTS SUPPORTING A CAUSE OF ACTION FOR RECOVERY OF PAST DAMAGES ......................................................... 8

CONCLUSION................................................................................................................................. 9

## TABLE OF AUTHORITIES

Page

**CASES**

*Adnexus Inc. v. Meta Platforms, Inc.*,
 2024 WL 409738 (W.D. Tex. 2024)..................................................................................7

*Advanced Software Design Corp. v. Fiserv, Inc.*,
 641 F.3d 1368 (Fed. Cir. 2011)..........................................................................................7

*AK Meeting IP LLC v. Zoho Corp.*,
 2023 WL 1787303 (W.D. Tex. 2023), *adopted*, 2023 WL 3035436..............................2, 6

*Allen v. Vertafore, Inc.*,
 28 F.4th 613 (5th Cir. 2022) ..............................................................................................4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)...........................................................................................................3

*BigCommerce, Inc. v. S&O Inc.*,
 2024 WL 5010733 (W.D. Tex. 2024).................................................................................6

*Bombardier Aerospace Corp. v. United States*,
 831 F.3d 268 (5th Cir. 2016) .............................................................................................8

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
 2022 WL 118955 (W.D. Tex. 2022) (Albright, J.) ............................................................8

*CTD Networks, LLC v. Google, LLC*,
 688 F. Supp. 3d 490 (W.D. Tex. 2023)..............................................................................3

*Energy Coal v. CITGO Petroleum Corp.*,
 836 F.3d 457 (5th Cir. 2016) ..........................................................................................5, 6

*GreatGigz Sols., LLC v. Freelancer Ltd.*,
 2022 WL 22860429 (W.D. Tex. 2022) (Albright, J.) ........................................................5

*Indest v. Freeman Decorating, Inc.*,
 164 F.3d 258 (5th Cir. 1999) .............................................................................................4

*INVT SPE LLC v. ITC*,
 46 F.4th 1361 (Fed. Cir. 2022) ..........................................................................................7


# TABLE OF AUTHORITIES
## (continued)

Page

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
   2023 WL 2290291 (W.D. Tex. 2023) ............................................................................... 4

*Morgan v. Swanson*,
   659 F.3d 359 (5th Cir. 2011) ............................................................................................ 3

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
   2023 WL 2904583 (W.D. Tex. 2023) ............................................................................... 4

*Roebuck v. Dothan Sec., Inc.*,
   515 F. App'x. 275 (5th Cir. 2013) .................................................................................... 6

*Uniloc USA, Inc. v. Microsoft Corp*,
   632 F.3d 1292 (Fed. Cir. 2011) ........................................................................................ 7

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*,
   355 F.3d 370 (5th Cir. 2004) ............................................................................................ 5

*Vervain, LLC v. Micron Tech., Inc.*,
   2022 WL 23469 (W.D. Tex. 2022) (Albright, J.) ..................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ................................................................................................... 4, 6, 7, 8

## INTRODUCTION

Google's motion to dismiss[1] established that Plaintiff's complaint fails to plead a viable claim for direct infringement and should be dismissed. In a futile attempt to rehabilitate its complaint, Plaintiff's opposition both adds to and changes its deficient allegations, and offers more than 50 pages of additional exhibits beyond the complaint itself. These efforts fail as a matter of law and underscore Google's showing that the complaint does not state any claim upon which relief can be granted. And even with the additions and changes, Plaintiff's arguments still fail.

*First*, Plaintiff argues that it solely accuses Chrome Enterprise Premium (CEP) of infringement and that references to other Google products are merely a proxy to show CEP's infringement where other products have the same features and functions. Opp. 4. This argument fails because the complaint does not tie the features or functions of any non-accused products back to CEP, as is required to pass muster. Worse yet, Plaintiff acknowledges that it failed to plead the necessary allegations in the complaint. In this Court's own words, Plaintiff "cannot rehabilitate its Complaint through its opposition." *Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *6 (W.D. Tex. 2022) (Albright, J.).

*Second*, Plaintiff now argues that the claimed "first host" is a component of the "environment" within which the claims must function rather than a separate limitation. Opp. 15. But this new argument refutes the allegations in the complaint, both regarding the "end user" and the "trusted platform module" ("TPM") hardware. Such new and contradictory arguments should not be considered. *Vervain*, 2022 WL 23469, at *6. Regardless, Plaintiff's new arguments still fail to state a plausible infringement claim.

---

[1] Google's motion to dismiss (Dkt. 25) is referred to herein as "Mot." and Plaintiff's opposition (Dkt. 34) is referred to herein as "Opp." with cited pages indicating the pagination at the bottom center of the briefing, not the ECF pagination.

**ARGUMENT**

I.  **THE COMPLAINT FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT BECAUSE IT MIXES AND MATCHES DIFFERENT PRODUCTS**

Plaintiff concedes that it accuses "only CEP" of infringement, but in support it cites documentation for several different, non-accused products, including Google Cloud, Chrome OS, and Google Workspace. Mot. 6–10. Plaintiff asserts that the "features and functions found in both CEP and the other Google products were best explained by Google in the cited-to Google documents, *not in publicly available CEP-centric documents* issued by Google."[2] Opp. 4. Plaintiff's position is facially flawed and disproven by its own opposition, which (1) acknowledges that there were CEP-centric documents it could have cited to in its complaint, *e.g.*, Opp. 7 n.2, 9; (2) cites to those documents and attaches them as additional exhibits, Dkts. 34-1, 34-2, 34-3; and (3) cites to different exhibits in its brief than it cited to in its complaint for certain limitations, Opp. 8–9. Plaintiff's new arguments and evidence cannot cure its deficient complaint.

Plaintiff characterizes CEP as "work[ing] within the overarching Google Cloud environment" and then leaps without any support to the assertion that this "literally" or "inferentially" "tie[s] CEP to Google Cloud's various 'zero trust' access solutions dispersed throughout its various cloud-based products." Opp. 5 (citing Dkt. 1 ¶48). But to sufficiently state a claim upon which relief can be granted, Plaintiff was required to plead a specific connection between the sole accused product (CEP) and the features of other products referenced in the complaint. The dispositive flaw is that "[n]owhere in the [] Complaint does [plaintiff] plead that the products [] are integrated." *AK Meeting IP LLC v. Zoho Corp.*, 2023 WL 1787303, at *4 (W.D. Tex. 2023), *adopted*, 2023 WL 3035436. Without these necessary allegations, the complaint "fails

---

[2] All emphasis added unless otherwise indicated.

to identify a single product that satisfies every limitation of each allegedly infringed patent claim." *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 500 (W.D. Tex. 2023).  Moreover, Plaintiff's new arguments here—which are not even allegations in the complaint itself—assume without any discernable basis that a feature in some other, non-accused product will work the same way as it does in CEP, the sole accused product.  Indeed, Plaintiff nowhere alleges that a similarly named or described feature works the same across unaccused Google products.  Consequently, the complaint is devoid of any factual pleadings to support this inference, and thus the complaint fails to take its claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.    Plaintiff's Allegations for Limitation B1 Go Beyond the Pleadings

Regarding limitation B1, Plaintiff provides new annotations to a figure pulled from its complaint and new allegations that CEP is considered a "Web App" from the figure that sits "within Google Cloud."  Opp. 5–7 (citing Dkt. 1 ¶50).  But Plaintiff "cannot rehabilitate its Complaint through its opposition."  *Vervain*, 2022 WL 23469, at *6.  Plaintiff itself recognizes this error, conceding that: "Perhaps [Plaintiff] ***should have annotated*** the figure in the Complaint as it does above.  But to be fair, Google should know how its products function."  Opp. 7 n.2.  First, Plaintiff admits that it failed to plead factual allegations necessary to state a sufficient claim.  Second, Google's knowledge of its products is irrelevant to the pleading standard for Plaintiff's complaint.  "At this early pleading stage, our factual universe is ***bounded by the four corners of the complaint***."  *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011).

Recognizing its insufficient allegations for limitation B1, Plaintiff wrongly characterizes Google's argument as invoking claim construction.  Opp. 7.  Google's motion does not dispute the meaning of the term "contact" in the claim term "contacting a trusted computing base associated with a trusted platform module within the first host."  Rather, Google establishes that the complaint

3

wholly omits any mention of the claimed "trusted computing base." Mot. 8. In such instances, a complaint is properly dismissed when it "lacks any explanation of the existence" of a claimed limitation. *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, 2023 WL 2904583, at *4 (W.D. Tex. 2023). Though Plaintiff's opposition now seeks to allege that this limitation is somehow satisfied, Opp. 6–7, that is improper. *See Vervain*, 2022 WL 23469, at *6.

Plaintiff's reliance on various exhibits cited for the first time in opposition (*see* Dkts. 34-1, 34-2, 34-3) is equally improper and misplaced. The Fifth Circuit mandates that review of a Rule 12(b)(6) motion "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022). Courts "may not look beyond the pleadings." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999).

### B.   PLAINTIFF'S NEW EXHIBITS FOR LIMITATION C AMPLIFY THE COMPLAINT'S DEFICIENCIES

For limitation C, Plaintiff states that it "***could have*** cited to . . . Exhibit 3 [] to make the same point, a Google document updated October 16, 2024 and showing how the Verified Access API is called by Chrome and thus also CEP." Opp. 9. Tellingly, Plaintiff could have amended its complaint but chose not to. Thus, any allegations that Plaintiff could have made, but failed to, are legally irrelevant. "A plaintiff may not use a response to add allegations that were not in the original pleading itself." *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, 2023 WL 2290291, at *4 (W.D. Tex. 2023). Indeed, "[r]egardless of whether Plaintiff's updated [materials] could remedy Defendants' motion to dismiss, ***they are not properly before*** the Court." *Id.*

Besides citing exhibits for the first time in its opposition, Plaintiff claims Exhibits 4 and 5 to the complaint provide support for its factual allegations for limitation C (Opp. 8–10), but Plaintiff cited Exhibits 4 and 5 ***only for limitation A*** in the complaint. *Compare* Dkt. 1 ¶49, *with*

4

*id.* ¶52. In *Vervain*, this Court rejected a plaintiff's similar efforts to recast its allegations as "go[ing] too far" where the plaintiff's arguments regarding certain exhibits "[were] not, under any reasonable reading, cited in support of mapping [the accused feature] to the [relevant] limitations." 2022 WL 23469, at *6. The same reasoning applies with equal force here. Plaintiff also fails to meaningfully address Google's showing that the cited 2016 announcement—predating the release of CEP—merely discusses monitoring of device identity and compliance with security policies rather than the claimed "infested" assessment. Mot. 8–9 (citing Dkt. 1-10). The Fifth Circuit is unequivocal on this procedural point: "If [] an allegation is contradicted by the contents of an exhibit to the [complaint], then indeed the exhibit and not the allegation controls." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004). Plaintiff's deficient allegations for limitation C cannot be remedied by hand-waving in its opposition that contradicts exhibits to the complaint. *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 462 n.4 (5th Cir. 2016); *Vervain,* 2022 WL 23469, at *6.

### C. PLAINTIFF'S USE OF NEW EXHIBITS FOR LIMITATION D AGAIN UNDERSCORES THE COMPLAINT'S DEFICIENCIES

Regarding limitation D, Plaintiff ignores Google's showing that the complaint relies on exhibits concerning the non-accused Google Workspace (Mot. 9–10), despite Plaintiff's earlier concession that it "does not accuse . . . Google Workspace." Opp. 4. Plaintiff instead asserts that "through an objectively reasonable inference, [it] advised Google that CEP calls Context-Aware Access." Opp. 13. "But this is not alleged in the complaint." *GreatGigz Sols., LLC v. Freelancer Ltd.*, 2022 WL 22860429, at *6 (W.D. Tex. 2022) (Albright, J.). In fact, the documentation cited in the complaint for limitation D refers to use of Context-Aware Access in Google Workspace, not CEP. Dkt. 1-11 (cited at Dkt. 1 ¶53). Improperly citing material not attached to the complaint, Plaintiff argues that the new evidence "indicates that Context-Aware Access is a security feature

5

of CEP." Opp. 13 (citing Dkt. 34-2). As explained above, Plaintiff's resort to new evidence, rather than a defense of the complaint's four corners, is wrong as a matter of law. *See, e.g.*, *AK Meeting*, 2023 WL 1787303, at *4; *Energy Coal*, 836 F.3d at 462 n.4; *Vervain*, 2022 WL 23469, at *6.

## II. PLAINTIFF FAILS TO ALLEGE THAT GOOGLE DIRECTLY INFRINGES THE ASSERTED CLAIMS BECAUSE THE ASSERTED CLAIMS REQUIRE THIRD-PARTY ACTORS AND HARDWARE OUTSIDE OF GOOGLE'S CONTROL

The complaint also fails to allege direct infringement by Google because it relies on third-party actors and hardware to conduct certain aspects of the alleged infringing activity. Mot. 10–13. Contradicting its own complaint, Plaintiff's opposition now takes a different position and reinterprets the claim language. This is improper and should not be considered. Regardless, Plaintiff's arguments still fail to show infringement.

The complaint alleges that the "first host" is an end user and that the TPM hardware is provided by third parties. Dkt. 1 ¶¶49, 50, 54, 55, 66-74. Yet, in its opposition, Plaintiff introduced a new argument wherein this limitation is "environmental" and therefore not required to demonstrate infringement. Opp. 15–16. Again, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x. 275, 280 (5th Cir. 2013) (citation omitted). The complaint's allegations are unmistakable, providing that CEP determines "whether a ***user*** (*i.e.*, a first "host") attempting to access cloud resources (*i.e.*, a protected network) is secure and trusted . . . . This process requires back-and-forth communication between a host computer and the [CEP] products about the cleanliness of the host computer/endpoint device." Dkt. 1 ¶51. An opposition to a Rule 12(b)(6) motion is not a vehicle for Plaintiff to change course and disavow allegations in the complaint that show non-infringement. A "party may not raise new theories of liability in a response brief." *BigCommerce, Inc. v. S&O Inc.*, 2024 WL 5010733, at *6 (W.D. Tex. 2024). These arguments should not be

considered, and the complaint should be dismissed for failure to allege that Google directly infringes these limitations. Mot. 10–13.

Plaintiff further contends that a motion to dismiss is not the appropriate time to raise claim construction issues. Opp. 18. That argument fails for several reasons. *First*, "claim construction **does not dispense** with the pleading requirements to allege sufficient facts to survive a Rule 12(b)(6) motion to dismiss." *Adnexus Inc. v. Meta Platforms, Inc.*, 2024 WL 409738, at *4 (W.D. Tex. 2024). Here, Plaintiff fails to meet that standard.

*Second*, Google's motion does not require any claim construction; rather, Google simply addresses the claim limitations as alleged in Plaintiff's complaint and demonstrates the complaint's shortcomings. Mot. 10–13.

*Third*, to the extent any party invokes claim construction, it is Plaintiff's opposition that applies a different interpretation of the claim language than its complaint to contend that the claimed "first host" is a component of the "environment." Opp. 17–18. The cases Plaintiff cites concern a characteristic that sets the environment for infringement. *See, e.g.*, *INVT SPE LLC v. ITC*, 46 F.4th 1361, 1375 (Fed. Cir. 2022) (whether a base station is capable of transmitting a data signal is part of the environment); *Advanced Software Design Corp. v. Fiserv, Inc.*, 641 F.3d 1368, 1373–74 (Fed. Cir. 2011) (whether a check had been encrypted and printed in accordance with the preamble is part of the environment); *Uniloc USA, Inc. v. Microsoft Corp*, 632 F.3d 1292, 1308–09 (Fed. Cir. 2011) (means to generate a local licensee unique ID is part of the environment). Here, the claim language itself of "contacting a trusted computing base associated with a trusted platform module within the first host" establishes that the "first host" is not a characteristic that sets the environment for infringement. Rather, the claim requires that the first host attempts to connect to the protected network, the computer program product contacts the trusted computing

base associated with the TPM, the trusted computing base ascertains the condition of the first host's computer, and the two then communicate regarding cleanliness. Dkt. 1-2 at 22:20-25. These activities go well beyond the passive "environmental" conditions of Plaintiff's cited cases.

Regardless, the complaint fails to sufficiently state a claim for direct infringement upon which relief can be granted and should be dismissed.

### III. PLAINTIFF FAILS TO PLEAD ANY FACTS SUPPORTING A CAUSE OF ACTION FOR RECOVERY OF PAST DAMAGES

Google demonstrated in its opening motion that Plaintiff's cause of action for past damages should be dismissed because "[a]t the motion to dismiss stage, a claim for past damages requires pleading compliance with the marking statute.'' Mot. 13–14 (citing *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 2022 WL 118955, at *2 (W.D. Tex. 2022) (Albright, J.)). Although the allegations of Plaintiff's complaint are ambiguous on this point (Dkt. 1 ¶45, ¶61), in its opposition, Plaintiff cites certain paragraphs and states that in "none of those paragraphs does K.Mizra seek pre-suit damages." Opp. 2. It appears that Plaintiff has dropped any claim for pre-suit damages or related right to relief and, assuming so, then this aspect of the motion should be granted.

\*    \*    \*

Plaintiff requests leave to amend "after the start of fact discovery." Opp. 18. Google disagrees because, as demonstrated in Google's Rule 12(b)(6) briefing, an amendment would be futile because it would fail to state a claim upon which relief could be granted: Plaintiff mixes and matches products in its infringement allegations and the asserted claims expressly require third-party conduct and components. *See Bombardier Aerospace Corp. v. United States*, 831 F.3d 268, 284 (5th Cir. 2016) (futility of amendment supports decision to deny motion to amend).

## CONCLUSION

Google respectfully requests that the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Dated: May 19, 2025

Respectfully submitted,

By:   */s/ Shaun W. Hassett, with permission for Tharan Gregory Lanier*

Daniele San Román
dsanroman@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178

Sachin M. Patel
smpatel@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

Tharan Gregory Lanier (Lead Counsel)
tglanier@jonesday.com
Evan McLean
emclean@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: +1.650.739.3939
Facsimile: +1.650.739.3900

Michael A. Lavine
mlavine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Michael E. Jones
TX State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
TX State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone: +1.903.597.8311
Facsimile: +1.903.593.0846

*Counsel for Defendant Google LLC*