

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **K.MIZRA LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 1:25-cv-00236-ADA |
| | § | |
| **GOOGLE LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**DEFENDANT GOOGLE LLC'S ANSWER TO
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google LLC ("Google") hereby responds to the Complaint for Patent Infringement ("Complaint") (Dkt. No. 1) of Plaintiff K.Mizra LLC ("Plaintiff" or "K.Mizra") with the following Answer and Affirmative Defenses. Google denies the allegations and characterizations in K.Mizra's Complaint including in any titles and headings unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint.

## I.    INTRODUCTION

1.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

3.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

4.     Google admits that Dr. Roskind previously worked for Google. Google further lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

5.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

6.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

7.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

8.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## II.     THE PARTIES

9.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

10.     Google lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph, and therefore denies them.

11.    Google admits that Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

12.    Google admits that it maintains an office located at 500 West 2nd Street, Austin, TX 78701 that is within the Western District of Texas.

13.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

14.    Google admits that it may be served with process through its registered agent CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Google admits that it is currently registered to do business in the State of Texas. Google denies any remaining allegations of this paragraph.

### III.    JURISDICTION AND VENUE

15.    Google admits that this action invokes the United States patent laws, 35 U.S.C. §§ 1, *et seq.*  To the extent K.Mizra has standing to bring this suit, Google admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over patent law claims. Google denies any remaining allegations of this paragraph.

16.    Google admits that venue is proper in this District for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. § 1404(a). Google admits that it may be served with process through its registered agent in Texas. Google admits that it maintains an office in this District and is registered to do business in the State of Texas. Google admits that it offers products and services in this District. Any remaining allegations in this

3

paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, Google denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

## IV.    GENERAL ALLEGATIONS

17.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

18.    Google admits that, on its face, U.S. Patent No. 8,234,705 ("the '705 Patent") is titled "Contagion Isolation and Inoculation," lists an issue date of July 31, 2012, and lists James A. Roskind and Aaron T. Emigh as its inventors. Google admits that Exhibit 1 appears to be a copy of the '705 Patent, but lacks sufficient information to verify its authenticity. Google denies that the '705 Patent was duly and legally issued. Google lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and therefore denies them.

19.    Google admits that on its face, U.S. Patent No. 9,516,048 ("the '048 Patent") is titled "Contagion Isolation and Inoculation Via Quarantine," lists an issue date of December 6, 2016, and lists Aaron Emigh and James Roskind as its inventors. Google admits that Exhibit 2 appears to be a copy of the '048 Patent, but lacks sufficient information to verify its authenticity. Google denies that the '048 Patent was duly and legally issued. Google lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and therefore denies them.

20.    Google admits that the '705 and '048 Patents (collectively, "Patents-in-Suit") on their face appear to share similar (and in some respects, identical) specifications and claims, and purport to claim priority to U.S. Provisional Patent Application No. 60/613,909 (the "Provisional

Application"), filed on September 27, 2004. Google lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, and therefore denies them.

21.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

22.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

23.    Google admits it has not requested or received a license to the '705 and '048 Patents.  Any remaining allegations in this paragraph consist of argument and legal conclusions, to which no response is required, but to the extent a response is required, Google denies the allegations, and specifically denies that it has committed acts of infringement in this District or any other district.

24.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

25.    This paragraph sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this

District or any other district.

26.     To the extent the allegations in paragraph 26 purport to describe or quote the '705 Patent, Google states that the '705 Patent is the best source of its full content and context.  Google denies any remaining allegations in this paragraph.

27.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

28.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

29.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

30.     To the extent the allegations in paragraph 30 purport to describe or quote the '048 Patent, Google states that the '048 Patent is the best source of its full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

31.     To the extent the allegations in paragraph 31 purport to describe or quote

the '705 Patent, Google states that the '705 Patent is the best source of its full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

32.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

33.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

34.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

35.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

36.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth

argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

37.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

38.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

39.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

40.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

41.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this

District or any other district.

42.     Google admits that its Chrome Enterprise Premium product was formerly known as "BeyondCorp Enterprise." To the extent this paragraph includes any remaining allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

## V.     FIRST CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of the '705 Patent)

43.     Google repeats and re-alleges its answers to the preceding paragraphs as if fully set forth here, as its response to paragraph 43 of Plaintiff's Complaint.

44.     To the extent the allegations in paragraph 44 purport to describe or quote the '705 Patent, Google states that the '705 Patent is the best source of its full content and context. Google denies any remaining allegations in this paragraph.

45.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

46.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

47.     To the extent the allegations in paragraph 47 purport to describe or quote the '705 Patent, Google states that the '705 Patent is the best source of its full content and context. Google denies any remaining allegations in this paragraph.

48.     To the extent the allegations in paragraph 48 purport to describe or quote one or

more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

49.     To the extent the allegations in paragraph 49 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

50.     To the extent the allegations in paragraph 50 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

51.     To the extent the allegations in paragraph 51 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

52.     To the extent the allegations in paragraph 52 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

53.     To the extent the allegations in paragraph 53 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required.  To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

54.     To the extent the allegations in paragraph 54 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

55.     To the extent the allegations in paragraph 55 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of

infringement in this District or any other district.

56.     To the extent the allegations in paragraph 56 purport to describe or quote one or more documents or webpages, Google states that those documents or webpages are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

57.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

58.     This paragraph sets forth argument and legal conclusions to which no response is required. This paragraph further sets forth a statement of relief requested by Plaintiff to which no response is required. Google denies that Plaintiff is entitled to any of the requested relief and denies any allegations. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed any acts of infringement.

## VI.    SECOND CLAIM FOR RELIEF
### (Patent Infringement Under 35 U.S.C. § 271 of the '048 Patent)

59.     Google repeats and re-alleges its answers to the preceding paragraphs as if fully set forth here, as its response to paragraph 59 of Plaintiff's Complaint.

60.     To the extent the allegations in paragraph 60 purport to describe or quote the '048 Patent, Google states that the '048 Patent is the best source of its full content and context. Google denies any remaining allegations in this paragraph.

61.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

62.     This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

63.     To the extent the allegations in paragraph 63 purport to describe or quote the '048 Patent, Google states that the '048 Patent is the best source of its full content and context. Google denies any remaining allegations in this paragraph.

64.     Google repeats and re-alleges its answers to the preceding paragraphs, including paragraphs 47-56, as if fully set forth here, as its response to paragraph 64 of Plaintiff's Complaint. To the extent the allegations in paragraph 64 purport to describe or quote the '705 Patent, Google states that the '705 Patent is the best source of its full content and context.  Google denies any remaining allegations in this paragraph.

65.     To the extent the allegations in paragraph 65 purport to describe or quote the '705 Patent and the '048 Patent, Google states that the '705 Patent and the '048 Patent are the best source of their full content and context. This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

66.     Google repeats and re-alleges its answers to the preceding paragraphs, including

paragraphs 48-53, as if fully set forth here, as its response to paragraph 66 of Plaintiff's Complaint. This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

67.    Google repeats and re-alleges its answers to the preceding paragraphs, including paragraphs 48-53, as if fully set forth here, as its response to paragraph 67 of Plaintiff's Complaint. This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

68.    To the extent the allegations in paragraph 68 purport to describe or quote the '705 Patent and the '048 Patent, Google states that the '705 Patent and the '048 Patent are the best source of their full content and context. This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

69.    To the extent the allegations in paragraph 69 purport to describe or quote the '048 Patent, Google states that the '048 Patent is the best source of its full content and context. Google denies any remaining allegations in this paragraph.

70.    To the extent the allegations in paragraph 70 purport to describe or quote one or more documents, webpages, or application screens, Google states that those documents, webpages, or application screens are the best source of their full content and context. This paragraph further

sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

71.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

72.    To the extent the allegations in paragraph 72 purport to describe or quote the '048 Patent, Google states that the '048 Patent is the best source of its full content and context. Google denies any remaining allegations in this paragraph.

73.    To the extent the allegations in paragraph 73 purport to describe or quote one or more documents, webpages, or application screens, Google states that those documents, webpages, or application screens are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

74.    To the extent the allegations in paragraph 74 purport to describe or quote one or more documents, webpages, or application screens, Google states that those documents, webpages, or application screens are the best source of their full content and context. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

75.    Google repeats and re-alleges its answers to the preceding paragraphs, including

paragraph 56, as if fully set forth here, as its response to paragraph 75 of Plaintiff's Complaint. This paragraph further sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

76.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

77.    This paragraph sets forth argument and legal conclusions to which no response is required. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed acts of infringement in this District or any other district.

78.    This paragraph sets forth argument and legal conclusions to which no response is required. This paragraph further sets forth a statement of relief requested by Plaintiff to which no response is required.  Google denies that Plaintiff is entitled to any of the requested relief and denies any allegations. To the extent this paragraph includes any allegations to which a response is required, Google denies them, and specifically denies that it has committed any acts of infringement.

## RESPONSE TO K.MIZRA'S REQUEST FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Google denies the underlying allegations of K.Mizra's Prayer for Relief against Google, denies that K.Mizra is entitled to any relief whatsoever, and requests that the Court deny all relief

to K.Mizra, enter judgment in favor of Google, and award Google its attorneys' fees as the prevailing party in the action.

## RESPONSE TO K.MIZRA'S DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond. To the extent that any allegations are included in the demand, Google denies these allegations. Google likewise demands a trial by jury on all issues so triable.

## GOOGLE'S AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Google further reserves the right to amend this Answer to add affirmative defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Google, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Google has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

K.Mizra is not entitled to any relief against Google because Google does not and has not directly or indirectly infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

K.Mizra is estopped from construing or interpreting any claims of the '705 Patent or '048 Patent in such a way as may cover and/or include, either literally or under the doctrine of equivalents, Google's products, processes, services, and/or activities, and/or has waived any right

17

to do so by reason of cancellation, limitation, or abandonment of claims, admissions, arguments, amendments, and/or representations made by or on behalf of the applicants in any proceedings before the United States Patent and Trademark Office.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

Each and every asserted claim of the '705 Patent and '048 Patent is invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112 thereof, and the rules, regulations, and laws pertaining thereto, and/or obviousness-type double patenting.

The asserted claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

The asserted claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

The asserted claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

The asserted claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

### FOURTH AFFIRMATIVE DEFENSE – EQUITABLE DOCTRINES

K.Mizra's claims against Google regarding the '705 Patent and '048 Patent are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE – LIMITATION OF DAMAGES

K.Mizra's claim for damages, if any, against Google for alleged infringement of the Patents-in-Suit is barred or limited by 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH AFFIRMATIVE DEFENSE – LACK OF STANDING

K.Mizra lacks standing to bring this suit to the extent that K.Mizra and/or its predecessors-in-interest lacked sufficient chain of title to the '705 Patent and/or '048 Patent. In addition, K.Mizra lacks standing to bring this suit to the extent that K.Mizra lacks substantial rights to the '705 Patent and/or '048 Patent.

## SEVENTH AFFIRMATIVE DEFENSE – LICENSE; PATENT EXHAUSTION

On information and belief, K.Mizra's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

## EIGHTH AFFIRMATIVE DEFENSE – NO WILLFUL INFRINGEMENT

K.Mizra is not entitled to a finding of willful infringement with a corresponding increase in damages under 35 U.S.C. § 284.

## NINTH AFFIRMATIVE DEFENSE – NOT EXCEPTIONAL CASE

K.Mizra is not entitled to a finding that this case is exceptional, warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## TENTH AFFIRMATIVE DEFENSE – ENSNAREMENT

K.Mizra's claims for infringement are barred by the doctrine of ensnarement.

## ELEVENTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## TWELFTH AFFIRMATIVE DEFENSE – SUBSTANTIAL NON-INFRINGING USES

Any and all products or actions accused of infringement have substantial uses that do not

infringe and do not induce or contribute to the alleged infringement of the claims of the Patents-in-Suit.

### THIRTEENTH AFFIRMATIVE DEFENSE – USE BY THE UNITED STATES

Plaintiff's claims for relief against Google are barred by 35 U.S.C. § 1498 in whole or in part, in that, upon information and belief, the accused subject matter is used or manufactured by or for the United States.

### EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the Patents-in-Suit against Google with the knowledge that Google does not infringe any valid or enforceable claim of the Patents-in-Suit and/or that the Patents-in-Suit are invalid and/or unenforceable.

### REQUEST FOR RELIEF

WHEREFORE, Google respectfully requests that the Court:

(A)    Enter judgment that Google does not infringe any claims of the '705 Patent or '048 Patent literally and/or under the doctrine of equivalents;

(B)    Enter judgment that the '705 Patent and '048 Patent are invalid;

(C)    Declare that this case is exceptional pursuant to 35 U.S.C. §285; and

(D)    Award Google its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

(E)    Such further and additional relief as is deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated: November 5, 2025

By: */s/  Michael E. Jones with permission from Tharan Gregory Lanier*
Tharan Gregory Lanier

JONES DAY
Tharan Gregory Lanier (*Admitted pro hac vice*)
E-mail: tglanier@jonesday.com
Evan M. McLean (*Admitted pro hac vice*)
E-mail: emclean@jonesday.com
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Michael A. Lavine (*Admitted pro hac vice*)
E-mail: mlavine@jonesday.com
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

Sachin M. Patel (*Admitted pro hac vice*)
E-mail: smpatel@jonesday.com
110 North Wacker Drive, Suite 4800
Chicago, IL  60606
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

POTTER MINTON PC
Michael E. Jones (SBN: 10929400)
E-mail:  mikejones@potterminton.com
Shaun W. Hassett (SBN: 24074372)
E-mail:  shaunhassett@potterminton.com
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone:   (903) 597-8311
Facsimile:    (903) 593-0846

*Attorneys for Defendant*
*GOOGLE LLC*

21