Case: 01:2025-CV-00236    Document: 77    Filed: 6/26/2026    Page 1 of 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| K.MIZRA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No.: 1:25-cv-00236-ADA<br><br>▮▮▮▮<br><br>**PUBLIC VERSION** |

### ▮▮▮▮ ORDER ON MOTION TO COMPEL

Plaintiff K.Mizra LLC ("K.Mizra") moves for an order compelling Defendant Google LLC ("Google") to produce discovery regarding ▮▮▮▮▮▮ in response to K.Mizra's Interrogatory No. 29, Request for Production No. 72, and Rule 30(b)(6) Deposition Topic No. 73.

### K.Mizra's Position

Google offers its highly prized commercial customers various service tiers of its Chrome Enterprise Browser products, including the accused Chrome Enterprise Premium ("CEP"). CEP requires a paid subscription and thus generates "direct revenue." ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮, but Google refuses to produce that information. A Google document titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ GOOG-KMZ-00002149. A Google witness testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that he did not know ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

Case: 01:2025-CV-00236    Document: 77    Filed: 6/26/2026    Page 2 of 5



██████    Other Google documents likewise ████████████████████████

██ *E.g.*, GOOG-KMZ-00023337. Google's witness identified another Google employee who could easily and quickly pull ████████████████ if asked. ████████ Tr. 72:6-13.

K.Mizra's Interrogatory 29 requests the ██████████ the identification of ███████

██████ and the █████████████████████ K.Mizra's RFP 72 seeks documents concerning ████████████████████████████ K.Mizra's 30(b)(6) Topic 73 seeks testimony concerning ████████ Google refused to provide any substantive information concerning these requests, agreeing to provide only limited and apparently self-serving testimony concerning Topic 73. Google refused to provide ████████ asserting it does not ████████████ despite its own document saying otherwise.

Google asserts that ████████████████████████

██████ However, the accused CEP security features ████████████████████ For example, GOOG-KMZ-00002140 states that ██████████████████████████████

██████████████████████ The document further importantly states that ████████████████████████████

██████████████ Without the security features of CEP, customers would shift to another more secure browser, ████████████████

K.Mizra's expert is entitled to ████████████████████

Google may dispute this analysis at the summary judgment, *Daubert*, or trial stages. But at this stage, ████████████ is plainly discoverable, ████████████. *DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-CV-42-JRG, 2012 WL 2935315, at *2 (E.D. Tex.

Case: 01:2025-CV-00236    Document: 77    Filed: 6/26/2026    Page 3 of 5

July 18, 2012) (compelling production of "Total Revenue" information in discovery; deferring admissibility determinations).

Producing ████████████████████ would not be burdensome. Identifying ██████ ████████████ and Google refuses to do even that. This strips Google's proportionality arguments of all credibility.

Google should be ordered to respond to K.Mizra's targeted discovery requests seeking relevant financial information concerning the accused product.

Relief: Order that "Within 7 days, Google shall: (1) fully respond to Interrogatory No. 29 by identifying ███████████████████████ produced in this case, including by providing ████████████████████ ██████████████████████████ (2) produce all non-privileged documents in its possession, custody or control concerning ███████████████████ ███████ and (3) designate a witness who will testify fully and competently on Google's behalf as to the ███████████████████████████████ ██████████████████████

**Google's Position**

This case concerns a single security feature, among many, of Google's CEP product—a feature that monitors a user's access to a resource on the internet.  Google has produced CEP ████████████ K.Mizra now seeks discovery beyond  CEP █████████████ ███████████████████ unrelated to the accused aspect of CEP.  K.Mizra's request should be denied.

*First*, Google ██████████████████████ for CEP.  Google ████████████ ████████ testified that he has "not in [his] experience or normal course ██████████

3

Case: 01:2025-CV-00236    Document: 77    Filed: 6/26/2026    Page 4 of 5

██████████████████████████████████ Tr. at 56:12–14; *id.* at 56:15-18

(noting ████████ neither instructed nor is aware of any such ████████ ). K.Mizra relies

on a ████ (GOOG-KMZ-00002148–154) ████████████████████████ That

document includes ███████████████████████████████████████

████████████████████████████████████████████

Google's customary business practice.  More recent business documents confirm ████████

████████████████████████████████████████████

████████  *See,  e.g.,*  GOOG-KMZ-00023329  at  337;  GOOG-KMZ-00031463  at  493–

95.  Confirming Google's ordinary business practice, Google's 30(b)(6) witness that leads CEP

████████████████████████████████████████████

████████ Tr. at 93:18–20.

  *Second*, there is no nexus between the accused security feature of CEP and ████████

████████  The document K.Mizra relies upon, GOOG-KMZ-00002148–154, indicates that the

non-accused ████████████ drives customer adoption ████████████

████████  K.Mizra speculates that "[w]ithout the security features of CEP, customers would shift

to another more secure browser" and that they "drive use of the Chrome Browser," ████████

████████████  K.Mizra provides no evidence about browser selection, customer

behavior, ████████████████ CEP's security features ████████████

████████  To the contrary, other information Google has produced demonstrates that there

is no ordinary ████████████████████ (*e.g.,* GOOG-KMZ-00023329 at 337; GOOG-

KMZ-00031463 at 493–95).

  *Third*, the requested discovery is too disproportionate and attenuated to meet the

requirements of FRCP 26(b)(1).  Permitting discovery sought by K.Mizra "would also drastically

overstate the revenue attributable to the accused products." *See, e.g., Traxcell Technologies v. Verizon*, Dkt. 125 at 5 (W.D. Tex. 2022). *DDR Holdings* is distinguishable because it involved revenue categories directly created by the accused functionality where each was compiled in the ordinary course of business. 2012 WL 2935315, at *2. This case does not support compelling production of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ non-accused functionality, particularly where that ▓▓▓▓▓▓▓▓▓▓▓▓▓ in the ordinary course of business. The discovery K.Mizra seeks "is simply too attenuated a connection to this case to be relevant or proportional to [K.Mizra's] needs." *Traxcell*, at 5.

Relief: K.Mizra's motion and request for relief should be denied.

### Ruling

The Court, having considered the parties' positions, and good cause appearing, rules as follows: No later than July 6, 2026, Google shall: (1) respond to Interrogatory No. 29 by identifying ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Google's documents produced in this case, including by providing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ (2) produce all non-privileged documents in its possession, custody, or control concerning ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ and (3) designate a witness who will testify on Google's behalf as to the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with CEP. The parties are further **ORDERED** to file a redacted version of this order on the docket.

DATED: 06/26/2026.

THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE